IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFREY MATTHEWS,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    CASE NO. 2:22-CV-32-WHA-SMD
                                     )              [WO]
CRENSHAW COUNTY DETENTION            )
FACILITY, et al.,                    )
                                     )
        Defendants.                  )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Jeffrey Matthews brings this Complaint under the provisions of 42 U.S.C. § 1983. Matthews, who is incarcerated at the Crenshaw County Detention Facility in Luverne, Alabama, files suit seeking damages and requesting a criminal investigation into mail tampering after Matthews received mail that had been opened outside of his presence. The named defendants are the Crenshaw County Detention Facility, Sheriff Terry Mears, Captain Chris Porter, Lieutenant Angel Herbert, and Sergeant Sondra McMeans. Upon review, the Court concludes that dismissal of Matthew's claims against the Crenshaw County Detention Facility, Sheriff Terry Mears, Captain Chris Porter, and Lieutenant Angel Herbert is appropriate under 28 U.S.C. § 1915A(b)(1).

**I.  STANDARD OF REVIEW**

Because the Court granted Matthews leave to proceed in forma pauperis (*see* Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915A, which requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks and arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id.* at 327; *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The Court may also dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id.*

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners

> (because courts will have the time, energy and inclination to give meritorious
> claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

## II.   DISCUSSION

### A.   Crenshaw County Detention Facility

Matthews names the Crenshaw County Detention Facility as a defendant.  The law

is settled that

> in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id*. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. *See Grech v. Clayton Cty.*, 335 F.3d 1326, 1343 (11th Cir. 2003). Consequently, a county jail [is] not [a] viable defendant[] under Section 1983. *Williams v. Chatham Cty. Sherriff's Complex*, Case No. 4:07-CV-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

*Bell v. Brown*, 2017 WL 3473845, at *5 (S.D. Ga. Aug. 11, 2017); *see Ex parte Dixon*, 55

So.3d 1171, 1172 n.1 (Ala. 2010) (explaining that "[g]enerally, the departments and

subordinate entities of municipalities, counties, and towns that are not separate legal

entities or bodies do not have the capacity to sue or be sued in the absence of specific

statutory authority.").  Based on the foregoing, the Crenshaw County Detention Facility is

not a legal entity subject to suit and is, therefore, due to be dismissed under 28 U.S.C. § 1915A(b)(1).

## B. Defendants Mears, Porter, and Herbert

Matthews received legal mail on November 9, 2021, which had been opened by Defendants McMeans. Defendant McMeans admitted to Matthews that she opened the mail without Matthews being present because she determined it was not legal mail. Matthews claims Defendant McMeans' determination about the mail in question was based on her attempt to gain information about a lawsuit he filed in state court.  Doc. 1 at 3.

Other than the allegation presented against Defendant McMeans, Matthew does not implicate Defendants Mears, Porter, or Herbert in the alleged unconstitutional conduct about which he complains. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular [entity] under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted).  This Circuit has held that a court properly dismisses defendants where an inmate states no allegations that associate the defendant with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980) (holding that "[w]hile we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam); *see also Iqbal*, 556 U.S. at 678 (quotation marks and citation omitted) (finding that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

4

that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Here, Matthews fails to describe any conduct taken by Defendants Mears, Porter, or Herbert which indicates they had any personal involvement in the challenged conduct. Other than naming Defendants Mears, Porter, and Herbert as defendants, Matthews asserts no connection between them and the alleged unconstitutional deprivation about which he complains. Therefore, Matthews' Complaint against these Defendants is subject to dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

## III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that:

1.  Plaintiff's claims against the Crenshaw County Detention Facility be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1).

2.  Plaintiff's claims against Defendants Terry Mears, Chris Porter, and Angel Herbert be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1).

3.  The Crenshaw County Detention Facility, Terry Mears, Chris Porter, and Angel Herbert be TERMINATED as parties.

4.  This case be referred to the undersigned for additional proceedings.

It is ORDERED that **by April 1, 2022,** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Recommendation to which a party objects.  Frivolous, conclusive or general objections

will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 18th day of March, 2022.

    /s/   Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE