IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY MATTHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-CV-32-WHA-SMD |
| | ) [WO] |
| SGT. SONDRA McMEANS, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Jeffrey Matthews filed this 42 U.S.C. § 1983 action on January 19, 2022. On January 26, 2022, the Court entered an Order of Procedure. Doc. 4. The Order directed Defendant to file an Answer and Written Report and also directed Plaintiff that he must immediately inform the Court of any new address and that failure to do so within ten (10) days following any change of address would result in the dismissal of this action. *Id*. The docket reflects that Plaintiff received the January 26 Order.

On August 24, 2022, Plaintiff's copies of Orders entered June 6, July 6, & July 26, 2022, were returned to the Court marked undeliverable because Plaintiff no longer resides at the last service address on record with the Court.[1] Accordingly, on August 29, 2022, the undersigned entered an Order requiring that by September 8, 2022, Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failure

---

[1] The most recent service address on record for Plaintiff is the Crenshaw County Jail in Luverne, Alabama.

to comply with the orders of the Court and to adequately prosecute this action. Doc. 24. That Order specifically informed Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the August 29, 2022, Order was returned September 6, 2022, marked as undeliverable.

Because of Plaintiff's failure to comply with the orders of the Court, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that **by October 17, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or

general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 3rd day of October, 2022.

/s/  Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE